IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JAWBONE INNOVATIONS, LLC,** | |
| Plaintiff, | Case No. 6:23-cv-00158-ADA |
| v. | **JURY TRIAL DEMANDED** |
| **META PLATFORMS, INC.,** | |
| Defendant. | |

## ORDER ON DISPUTE

Before the Court is a request by Defendant Meta Platforms, Inc. ("Defendant" or "Meta") that Plaintiff Jawbone Innovations, LLC ("Plaintiff" or "Jawbone") be required to reduce its number of asserted claims from 208 asserted claims prior to the deadline for service of preliminary invalidity contentions in this action.

### Defendant's Position

Jawbone has unreasonably asserted a total of 208 claims across 8 patents in this action. Asserting over 200 claims is not a practical starting point for any patent infringement action, particularly here, where the ***Court has already found nearly half of the asserted claims indefinite***. Jawbone's approach would impose an unreasonable burden on this Court and on Meta, forcing them to address dozens of claims that Jawbone already knows that it will never bring to trial.

Jawbone nevertheless insists that it is entitled to maintain over 200 asserted claims at least through preliminary invalidity contentions and claim construction in this action because it cannot make an informed election before receiving Meta's invalidity contentions and conducting claim

construction discovery. This argument is meritless because Jawbone has more than enough information to narrow its claims now. Jawbone has litigated these patents in four other suits, and has invalidity contentions from Apple, Samsung, Google, and Amazon. More importantly, Jawbone has a claim construction order from this Court.

Specifically striking, Jawbone asserts ***over 90 claims*** that this Court has already found ***indefinite***. Jawbone recently served its Preliminary Infringement Contentions ("PICs"), asserting:

- claims 1-18 of the '091 Patent,
- claims 1-4 of the '058 Patent,
- claims 1-42 of the '213 Patent,
- claims 1-44 of the '611 Patent,
- claims 1-20 of the '080 Patent,
- claims 1-20 of the '357 Patent,
- claims 1, 3, 8-13, 19-23, and 26 of the '453 Patent, and
- claims 1-46 of the '691 Patent.

Yet all claims of the '691, '080, and '357 patents; claims 2, 37, and 38 of the '213 patent; and claims 3, 4, and 30 of '611 patent were found indefinite by this Court in *Jawbone Innovs. v. Google LLC*, No. 6:21-CV-00985-ADA, ECF 88.

Even if the Court had not already found almost half of the asserted claims indefinite, this Court routinely grants related requests to reduce asserted claims to a reasonable number. For example, in *EcoFactor, Inc. v Google LLC*, No. 6:22-CV-00032-ADA, ECF 78, the Plaintiff was required to reduce the number of claims to 40 before claim construction; and in *Onstream Media Corp. v. Facebook Inc.*, No. 1-20-CV-00214-ADA, ECF 34, the Plaintiff was required to reduce to no more than 52 claims before preliminary invalidity contentions.

Jawbone would have Meta chart hundreds of claims that Jawbone has no intention of taking to trial, and Jawbone would have this Court reconsider and reconstrue claims it has already held invalid. There is no legitimate reason to waste such resources.

***Requested Relief***: Order that "Jawbone must reduce number of asserted claims from 208 asserted claims to 40 asserted claims by December 6, 2023. Meta must then serve its preliminary invalidity contentions for the 40 asserted claims by February 14, 2024. The Court adopts Meta's proposed schedule for this action."

**Plaintiff's Position**

Meta's request to reduce the number of asserted claims to 40 is premature before Meta's service of invalidity contentions and initial production of technical documents and software. *In re Katz Interactive Call Proc. Litig.*, 639 F.3d 1303, 1313 n.9 (Fed. Cir. 2011) ("[A] claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses."). This Court has already rejected this exact request. *Jawbone Innovations, LLC v. Apple Inc.*, No. 6:21-cv-00984-ADA, Dkt. 30 (W.D. Tex. Mar. 8, 2022); *Jawbone Innovations, LLC v. Google LLC*, No. 6:21-cv-00985-ADA, Dkt. 35 (W.D. Tex. Mar. 8, 2022).

Jawbone proposed a phased reduction of asserted claims and prior art beginning after Meta's invalidity contentions and initial technical production. Meta rejected Jawbone's proposal and requests that Jawbone drop 80% of its claims before Meta has produced any information.

Jawbone does not have enough information to make an informed selection of claims: the accused products, virtual reality headsets and portals, differ from the products accused in prior litigation. Important aspects of the accused products' functionality are not readily apparent from public documents. Jawbone requires Meta's technical documents and software to determine the strength of the infringement read for each claim. Jawbone also requires Meta's invalidity contentions to assess claim construction issues.

Numerous courts, including this Court in the prior *Jawbone* actions, have noted that limiting claims is not appropriate before the patentee receives discovery and invalidity contentions. *See, e.g.*, *Carl Zeiss AG v. Nikon Corp.*, 2018 WL 1858183, at *1-2 (C.D. Cal. Mar. 1, 2018) (denying motion to limit claims before discovery was complete); *Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 2016 WL 7670604, at *2 (D. Minn. 2016) ("Without better understanding which of the University's claims are viable and which are not—an understanding that will only be gained through further fact discovery that is far from being concluded—the Court has a paucity of information against which to gauge what an appropriate number of claims should be in this case."); *see also In re Katz*, 639 F.3d at 1313 n.9. The situation here is no different, and Jawbone should receive at least Meta's invalidity contentions and initial production before reducing the number of asserted claims.

The claims that this Court found indefinite in Jawbone's previous case against Google should not persuade the Court to require Jawbone to prematurely narrow its asserted claims. In *Jawbone v. Google*, Jawbone's motion for reconsideration of the Court's claim construction order was pending when the case was transferred and subsequently settled. *See Jawbone Innovations, LLC v. Google LLC*, No. 6:21-cv-00985-ADA, Dkts. 96, 97, 98. Jawbone is entitled to assert these claims and defend their validity in this action.

**Requested Relief:** Accordingly, the Court should deny Meta's request in its entirety.

## **ORDERS**

After considering the parties' respective position statements submitted to the Court by email on November 20, 2023, and oral argument during a Zoom hearing held on December 6, 2023, the Court ORDERS the following:

Defendant's request to require Plaintiff to reduce the number of asserted claims prior to the deadline for service of preliminary invalidity contentions in this action is DENIED.

Defendant's proposed schedule for this action, including an additional one-week extension of the deadline for preliminary invalidity contentions to February 21, 2024, is GRANTED and will be entered as a separate Order.

SIGNED this 20th day of December, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE